IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BANK OF COMMERCE & TRUST COMPANY,

   Plaintiff,

vs.

Case No. 07-1122-JTM

JOHN-PAUL STRAUSS a/k/a J.P. STRAUSS and BANC CORP USA, an Illinois Corporation, both jointly and severally,

   Defendants.

MEMORANDUM AND ORDER

  Currently before the court is the plaintiff Bank of Commere & Trust Company's motion to enjoin defendants J.P. Strauss and Banc Corp USA from obtaining, receiving, retaining or disbursing any lease payments from the Veterans Administration and any settlement proceeds arising in connection with a settlement reached in *Banc Corp USA v. Fischbein, Badillo, Wagner & Harding a/k/a Fischbein, Badillo, Wagner & Harding, LLP*, Case No. 05 C 7307 (United States District Court for the Northern District of Illinois, Eastern Division), to require that these lease payments and settlement proceeds, as well as any future lease payments or settlement proceeds, be deposited in the court's registry.

  The motion for preliminary injunction is supported by affidavit and has not been contradicted or opposed by the defendants. The action arises from a dispute over the leasing of urine analysis

machines by the Veterans Administration. In a July 25, 2007 Settlement Agreement, defendants agreed to pay plaintiff $116,209.42 in monthly installments over two years ($5750.91 per month), remain current on the present leases ($13,794.95 per month), and give plaintiff additional security in the matter, including giving a monthly payment history on each lease, issuing a personal guarantee and mortgage, and issue corrected and revised assignments on two of the leases. The motion was filed November 22, 2007, and any response should have been filed on or before December 5, 2007. The defendants have filed no opposition to the motion, nor have they requested an extension of time.

The defendants are not currently represented by counsel but have been specifically directed to comply with the rules of the court. In the Return of Service submitted by defendants' prior counsel (Dkt. No. 13, ¶ 2), counsel stated that he had specifically "admonished [defendants] that they are responsible for complying with all of the Orders of the Court and time limits established by the rules and procedures and by the Scheduling Order." In the Order filed by the United States Magistrate Judge granting counsel leave to withdraw, the court directed that a copy of the order allowing withdrawal be served by mail at the defendants' address, and specifically instructing them to obtain counsel and comply with the deadlines imposed by the court. They have not done so.

The plaintiff's motion for preliminary injunction is granted both for cause and as an uncontested matter pursuant to D.Kan.R. 7.4.

Pursuant to this order, defendants J.P. Strauss and Banc Corp. shall not obtain, receive, retain or disburse any lease payments from the Veterans Administration and any settlement proceeds arising in connection with a settlement reached in the *Fischbein* action referenced herein, and that future lease payments and settlement proceeds shall be deposited with the Clerk of the Court.

IT IS SO ORDERED this 11th day of December, 2007 that the plaintiff's Motion for Preliminary Injunction is hereby granted as provided herein.

                                                                s/ J. Thomas Marten
                                                                J. THOMAS MARTEN, JUDGE