## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANK OF COMMERCE & TRUST COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-1122-JTM |
| | ) |
| JOHN PAUL STRAUSS and BANC CORP USA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On September 18, 2007, both Defendants filed their answer to Plaintiff's

Amended Complaint in this case through counsel Jay Fowler.  (Doc. 9.)

Thereafter, on October 22, 2007, Mr. Fowler filed a Motion to Withdraw as

Counsel for Defendants (Doc. 11.)  The Court then held a scheduling conference

on October 30, 2007, at which Mr. Fowler appeared on behalf of Defendants since

his motion to withdraw had not been granted.  On the same date, the Court entered

its Scheduling Order  (Doc. 12), which set numerous deadlines and hearings,

including a telephone status conference to be held on January 22, 2008 at 9:30 a.m.

(Doc. 12 at ¶ IV(b).)

On November 1, 2007, Mr. Fowler filed a Return of Service/Statement of

Compliance with Local Rule 83.5.5 in connection with his motion to withdraw.

(Doc. 13.)  Mr. Fowler identified the mailing address of J.P. Strauss and Bank

Corp USA as well as two telephone numbers for J.P. Strauss: 847-283-0700 ext. 11

(office), and 847-778-2810 (cell).  Thereafter, by Order filed November 21, 2007,

the Court allowed Mr. Fowler to withdraw as counsel for Defendants, and the

Order contained the following requirement:

> A copy of this Order is to be served on defendants John
> Paul Strauss and Banc Corp. USA by U.S. Mail at the
> address provided by counsel in his return of service.
> (Doc. 13.)  Defendants are reminded that a corporation
> may not appear in federal court proceedings pro se and
> must have counsel appear on their behalf.  As noted in
> counsel's Return of Service (Doc. 13), defendants have
> received a copy of the Court's Scheduling Order entered
> on October 30, 2007 (Doc. 12).  Defendants failure to
> comply with the deadlines and procedures set out in that
> Scheduling Order may lead to the imposition of sanctions
> on them including, but not limited to the entry of default
> judgment against them and/or imposition of monetary
> sanctions.

(Doc. 15 at 1-2.)

As of the date of this Memorandum and Order, no replacement counsel has

entered an appearance for either Defendant.  It is well-established in this circuit

that a corporation may only appear in a court by a licensed attorney. *Flora Constr.*

*Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414, 414 n.1 (10th Cir. 1962)

(citing a score of cases in support of this proposition); *Nato Indian Nation v.*

*Utah*, No. 02-4062, 2003 WL 21872551, at *1 (10th Cir. Aug. 8, 2003); *cf.*

*Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (reiterating the

general rule in the circuit, but holding that a notice of appeal may be signed by a

corporate officer as long as a lawyer "promptly" enters a formal appearance on

behalf of the corporate entity).[1]  While John Paul Strauss may proceed *pro se* since

he is an individual, he cannot represent Defendant Banc Corp USA unless he is a

duly qualified and licensed attorney.  The continued failure of the corporate

defendant to obtain new counsel may result in a default judgment against it.

<u>1.  The January 22, 2008 Telephone Status Conference.</u>

On Friday, January 18, 2007, the Courtroom Deputy for the undersigned

magistrate judge attempted to reach Mr. Strauss at the office telephone number

provided by his prior counsel to remind him of the upcoming telephone status

conference that had been set in the Scheduling Order and to make certain that he

could be reached for the conference at the telephone number provided by his prior

counsel.  She received a recorded message that the mailbox for the requested Ext.

11 was full and therefore no messages could be left.  She then tried the operator at

---

[1]  For a review of other cases outside the Tenth Circuit, see *Turner v. Am.
Bar Ass'n*, 407 F. Supp. 451, 476 (D. Ala. 1975) (ruling on consolidated cases
from across the country on the issue of representation of plaintiffs by unlicenced
laypersons and discussing the history of 28 U.S.C. § 1654).

3

the same telephone number and received the same recorded message. As a result she was unable to make any contact with Mr. Strauss.

On Tuesday, January 22, 2008 at 9:30 a.m., the undersigned magistrate judge attempted to reach Mr. Strauss by telephone by first calling the office number provided by prior counsel. The judge received the same messages as had his courtroom deputy the week before. The judge then called the cell number provided by prior counsel but was put into voice mail. The judge identified himself, the reason he was calling, and left instructions that Mr. Strauss should contact the judge's chambers as soon as possible. As of the filing of this Memorandum and Order, no calls have been received from Mr. Strauss.

## 2. Plaintiff's Pending Motion to Compel.

One of the matters to be discussed at the status conference on January 22, 2008, was a pending motion by Plaintiff seeking to compel discovery responses from Mr. Strauss and Banc Corp USA. (Doc. 20.) In that motion, Plaintiff sought to compel answers and responses to Plaintiff's outstanding interrogatories and document requests, as well as the defendants' Rule 26(a)(1) disclosures which were due on November 29, 2007 pursuant to the Scheduling Order. *See* Doc. 12 at ¶ II(a). The motion to compel was filed on December 27, 2007 and any responses to the motion were due on or before January 10, 2008. *See* D. Kan. Rule 6.1(d)(1)

(granting 14 days to respond to non-dispositive motions).

Because no timely response has been filed to Plaintiff's Motion to Compel (Doc. 20), and because Defendants did not participate in the previously scheduled telephone status conference, the Court treats the motion to compel as uncontested and grants the motion to compel without further notice. *See* D. Kan. Rule 7.4.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 20) is hereby GRANTED, and Defendants shall provide full and complete responses to Plaintiff's outstanding discovery requests, without objections, on or before **February 11, 2007.**  Failure to provide the required discovery responses and Rule 26(a)(1) disclosures by this date may result in the imposition of monetary sanctions against Defendants up to and including a granting of default judgments against them in this case.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order be sent to Defendants by U.S. Mail, at the address provided by Defendants' prior counsel.

Dated at Wichita, Kansas, on this 22nd day of January, 2008.

   s/   DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge

5